26 F.3d 137
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul R. HAYES, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7095.
 United States Court of Appeals, Federal Circuit.
 April 5, 1994.
 
 Before MAYER, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul R. Hayes appeals the judgment of the Court of Veterans Appeals, Hayes v. Brown, 5 Vet.App. 60 (1993), affirming the denial by the Board of Veterans Appeals of his claim for service connection for post-traumatic stress disorder and panic disorder. We dismiss for lack of jurisdiction.
 
 
 2
 Our jurisdiction to review judgments of the Court of Veterans Appeals (CVA) is strictly limited by statute. 38 U.S.C. Sec. 7292 (Supp. IV 1992); Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992). We may consider only challenges to the validity of a statute or regulation, or the interpretation of a constitutional or statutory provision that the CVA relied on in reaching its decision. 38 U.S.C. Sec. 7292(c)-(d)(1). We may not review any of that court's factual determinations or its application of a law or regulation to the facts of a particular case. 38 U.S.C. Sec. 7292(d)(2).
 
 
 3
 Hayes attempts to create jurisdiction for his appeal to this court by challenging certain procedural regulations of the Board of Veterans Appeals, which he alleges the CVA relied on in reaching its decision in his case. Hayes' argument appears to be that a question from the CVA panel at oral argument and the government's subsequent memorandum addressing the regulations show that the CVA necessarily considered and upheld them as a part of its Hayes decision. But Hayes did not raise the issue before the CVA and the CVA nowhere addressed the question in its opinion. We cannot conclude that the CVA relied on the challenged regulations in reaching its decision, so we may not review the validity of those regulations here.